IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBORAH YOST,

          Plaintiff,

vs.                                    Case No. 06-1274-JTM

CLARK ENTERPRISES 2000,

          Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Clark Enterprises 2000's motion for summary judgment, which seeks dismissal of plaintiff Debra Yost's Title VII claims because the defendant does not employee the fifteen employees required for the application of that statute. The defendant's motion is premised on payroll records and its first quarterly report which show fewer than fifteen employees for the required time period.

The evidence submitted to the court shows that typically twelve people worked at Clark Enterprises during the first quarter of 2006, and that thirteen people worked there at periods during April 2005 through October 2005, and September 2005 through January 2006. The evidence submitted to the court shows that Clark Enterprises had some sort of employment relationship with fifteen or more employees during only three weeks before this action. In each of the other weeks, the business employed fewer workers.

Title VII requires a business to have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year. 42 U.S.C. § 2000e(b).

> The Court uses the "payroll method" to determine whether a defendant is an employer under Title VII. *Walters v. Metro. Ed. Enters., Inc.*, 519 U.S. 202, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997). The "ultimate touchstone" is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the years in question. Id. at 211-12. An employer may have an employment relationship with an employee even if that employee did not work during a particular week. "[A]ll one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He [or she] is counted as an employee for each working day after arrival and before departure." Id. at 211.

*Carney v. J.P. Heff, Inc.*, 2004 WL 1212046, at *1-2 D. Kan. 2004). Generally, officers as such are not considered employees for purposes of determining whether a company is an "employer" under Title VII. *Drescher v. Shatkin*, 280 F.3d 201 (2nd Cir. 2002). However, they may be considered "employees" if they have undertaken traditional employee duties, were regularly employed by a separate entity, and reported to someone else in the business hierarchy. *Trainor v. Apollo Metal Specialities, Inc.*, 318 F.3d 976, 983 (10th Cir.2002).

Yost fails to make any showing that the defendant had the required number of employees, and instead relies primarily on the timing of the defendant's motion, arguing that the motion should not be granted prior to discovery.

Given the evidence submitted, there is a substantial basis in fact for the defendant's motion. However, the court prefers ruling on such motions after all parties have had a full opportunity for discovery on the issue at hand. *See Fusco v. Insurance Planning Center*, 2006 WL 1675939, at *1  (D. Kan. June 15, 2006) (noting that the court had allowed limited discovery on the issue of whether a defendant had the requisite number of employees under Title VII).

Because the issue is narrowly drawn, the court in its discretion will permit a limited period of additional discovery on this issue. The parties shall conduct such discovery and submit any additional pleadings relating to this issue on or before December 1, 2006. All other discovery and other proceedings and deadlines in the case are stayed pending further order from the court.

IT IS SO ORDERED this 1st day of November, 2006.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE