IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBRA YOST,

                Plaintiff,

vs.                                        Case No. 06-1274-JTM

CLARK ENTERPRISES 2000,

                Defendant.

MEMORANDUM AND ORDER

        This matter is before the court on the defendant Clark Enterprises 2000's motion for summary judgment, which seeks dismissal of plaintiff Debra Yost's Title VII claims because the defendant does not employee the fifteen employees required for the application of that statute. In order to permit the parties to conduct limited discovery on the issue, the court entered an order on November 2, 2006, holding defendant's motion in abeyance until this discovery was completed and providing an opportunity for the parties to supplement their original summary judgment pleadings.

        Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

As noted in the court's previous order, the defendant's motion is premised on payroll records and its first quarterly report which show fewer than fifteen employees for the required time period. That evidence indicated that twelve people worked at Clark Enterprises during the first quarter of 2006, and thirteen people worked there at periods during April 2005 through October 2005, and September 2005 through January 2006. The evidence submitted to the court showed that Clark Enterprises had some sort of employment relationship with fifteen or more employees during only three weeks before this action. In each of the other weeks, the business employed fewer workers. However, the defendant's motion was premised solely on an appendix comprised of employee payment records, and did not directly set forth the number of employees at Clark Enterprises.

Clark Enterprises is owned by Clifford Clark, Deanna Clark and Amanda Otto. Clifford Clark is also the president of the company.

Plaintiff Debra Yost went to work for the defendant in July 2005 through the employment agency Manpower, Inc. Yost's direct supervisors while working at Clark Enterprises were Clifford Clark and Amanda Otto. Clark Enterprises furnished all the equipment necessary for Yost to do her

job. Yost did not bring any high degree of skill to her position with Clark Enterprises, and all training for her job duties was conducted by the defendant. If she needed to call in sick or had concerns with her job, Yost was required to contact Clark Enterprises, not Manpower. Her training, hours, days worked, and workload were all determined by Clark Enterprises. All commissions received by Yost prior to being transferred to permanent employee status on September 7, 2005, were paid by Clark Enterprises. Yost considered herself an employee of Clark Enterprises from July of 2005 through January 9, 2006.

According to the defendant, Clifford Clark is an officer rather than an employee, but that it has considered him an employee for purposes of its reply. The defendant also contends that Yost was an independent contractor rather than an employee, but has considered her an employee for purposes of resolving the present motion.

The plaintiff contends that Clark Enterprises had 15 employees in 20 or more weeks during the calendar year 2005, and that these employees include Amanda Otto, Arthur Klenda, Deanna Clark, Clifford Clark, Ileen German, James Clark, Mary Ann Base, Nichelle Stevenson, Jimmy Poole, Melissa Campanelli, Gaye Garrett, Elisabeth Dushane, Thomas Dushane, William Little, and Debra Yost. Yost bases this contention on the Employee Profile for each of these workers. The profiles are single page summaries which contain information showing the employee's home address, Social Security number, withholding allowances, hourly and overtime pay rates, date of latest hiring, accrued sick leave, and annual leave. The forms also contain additional fields, which in almost all instances have been left blank, for the employee's emergency contacts, job titles, supervisor, job description, and original hire date. The Employee Profiles contain no information as to which weeks of the calendar year each of these employees actually worked.

As noted in the court's previous order, Title VII requires a business to have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year. 42 U.S.C. § 2000e(b).

> The Court uses the "payroll method" to determine whether a defendant is an employer under Title VII. *Walters v. Metro. Ed. Enters., Inc.*, 519 U.S. 202, 117 S.Ct.

3

> 660, 136 L.Ed.2d 644 (1997). The "ultimate touchstone" is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the years in question. Id. at 211-12. An employer may have an employment relationship with an employee even if that employee did not work during a particular week. "[A]ll one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He [or she] is counted as an employee for each working day after arrival and before departure." Id. at 211.

*Carney v. J.P. Heff, Inc.*, 2004 WL 1212046, at *1-2 D. Kan. 2004). Generally, officers as such are not considered employees for the purpose of determining whether a company is an "employer" under Title VII. *Drescher v. Shatkin*, 280 F.3d 201 (2nd Cir. 2002). However, they may be considered "employees" if they have undertaken traditional employee duties, were regularly employed by a separate entity, and reported to someone else in the business hierarchy. *Trainor v. Apollo Metal Specialities, Inc.*, 318 F.3d 976, 983 (10th Cir.2002).

As before, Yost has failed to show that the defendant had the required number of employees during the required time span. After further discovery, the only evidence Yost has provided shows that Clark Enterprises had at least 15 employees during 2005. When the actual hiring and termination dates of each of these employees is examined, the evidence shows that Clark Enterprises did not employee 15 employees in each of 20 or more weeks during the calendar year 2005. 42 U.S.C. § 2000e(b). Even considering Clark Clifford, Deanna Clark, Amanda Otto, and Yost as employees, the evidence establishes that Clark Enterprises employed 15 workers in six weeks during calendar year 2005. Accordingly, the court finds that the defendant is entitled to summary judgment on the issue.

IT IS SO ORDERED this 18th day of January, 2007 that the defendant's Motion for Summary Judgment (Dkt. No. 4) is hereby granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE

4